# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN STEVEN OLAUSEN,

    Petitioner,

vs.

DON HELLING, *et al.*,

    Respondents.

Case No. 3:01-cv-00499-LRH-RAM

**ORDER**

    This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. On June 28, 2005, the Court denied the petition and judgment was entered in this case. (ECF Nos. 86 & 87). Petitioner appealed. (ECF No. 88). On September 5, 2006, the Ninth Circuit Court of Appeals denied petitioner's application for a certificate of appealability and dismissed the appeal. (ECF No. 93).

    On November 20, 2015, petitioner filed a motion for recusal or disqualification of district judge. (ECF No. 96). Petitioner contends that the undersigned District Judge must recuse himself from this case because his son is now the District Attorney of Washoe County, Nevada.[1]

    "In determining whether recusal is appropriate, the Court should look toward whether a reasonable person with the knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Moreover,

---

[1] The undersigned District Judge's son was elected District Attorney of Washoe County, Nevada, in November 2014 and took office in January 2015. Neither he nor his office has ever appeared in this action.

any alleged bias or prejudice must have arisen from an extrajudicial source. *Id.* A party seeking to recuse a judge under 28 U.S.C. § 144 must submit a legally sufficient affidavit detailing the circumstances warranting recusal. "An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

At the time that petitioner's habeas petition was denied on June 28, 2005, the case was assigned to District Judge Edward C. Reed. (ECF No. 86). Much later, on April 1, 2009, the case was assigned to the undersigned District Judge. (ECF No. 95). There have been no rulings in this case since the reassignment. Moreover, petitioner has not presented a sufficient affidavit to meet the standard for recusal. Petitioner merely makes a bald assertion of "implied bias." Petitioner's motion for recusal of the undersigned is denied.

Most recently, on September 1, 2016, petitioner filed a motion for relief from judgment under Rule 60(b). (ECF No. 97). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

Motions to reconsider are generally left to the discretion of the district court. *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001). A district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though "dire consequences" might result. *Schanen v. United States Dept. of*

*Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985).  Moreover, motions for reconsideration are not justified on the basis of new evidence which could have been discovered prior to the court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992).  Mere disagreement with an order is an insufficient basis for reconsideration.  A motion for reconsideration should not be used to make new arguments or ask the Court to rethink its analysis.  *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

   Petitioner filed his Rule 60(b) motion for relief from judgment on September 1, 2016, over ten years after his petition was denied and judgment was entered.  (*See* ECF Nos. 86, 87, 97). Petitioner's motion was not brought within a reasonable time, and may be denied on that ground alone.  Additionally, petitioner has failed to make an adequate showing under Rule 60(b) that Judge Reed's order of June 28, 2005, should be reversed.

   **IT IS THEREFORE ORDERED** that petitioner's motion for recusal (ECF No. 96) is **DENIED.**

   **IT IS FURTHER ORDERED** that petitioner's motion for relief from judgment (ECF No. 97) is **DENIED.**

   DATED this 7th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE